Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6599 | **DATE** | 3/22/2001 |
| **CASE TITLE** | Tolbert vs. Busiedlik, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Tolbert has failed to provide the Court with any proper basis for reinstating her case. Plaintiff's motion to vacate judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 23 2001 date docketed | 35 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAURA TOLBERT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 99 C 6599 ) |
| GREG BUSIEDLIK and SHARON THOMPSON, | ) ) ) |
| Defendants. | ) |

DOCKETED

MAR 2 3 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Laura Tolbert was a clerical employee of the Illinois Department of Public Aid who was terminated by her supervisor, defendant Sharon Thompson, and Thompson's supervisor Greg Busiedlik, on October 10, 1997. On October 7, 1999, Tolbert filed this action under 42 U.S.C. §1983, contending that she was terminated without due process of law. She beat the statute of limitations by just three days. *See Ashafa v. City of Chicago,* 146 F.3d 459, 461-62 (7th Cir. 1998) (statute of limitations for §1983 claims in Illinois is two years).

The case had an ill-starred history almost from the start. It took inordinately long for plaintiff to serve the defendants with summons, due in no small part to her attorney's periodic but repeated inattention to the case. Despite several generous extensions of time, plaintiff's attorney failed to serve the defendants, and the Court dismissed the case on June 9, 2000 after counsel failed to appear to two successive status hearings. The Court was thereafter persuaded – though just barely – to reinstate the case after plaintiff's attorney moved to vacate the judgment and made a showing regarding his attempts to effectuate service.

On October 25, 2000, defendants moved to dismiss the complaint for failure to state a claim, arguing that Tolbert had failed to allege a property interest in her employment. The Court ordered plaintiff to respond by November 27, 2000, but her attorney failed to file a response. On January 25, 2001, the Court dismissed plaintiff's complaint, concluding that defendants' motion to dismiss was well founded. In that order, the Court stated that "[p]laintiff is granted leave to file an amended complaint curing the defects noted above, within 14 days from the date of this order. In view of the history of dilatory conduct on plaintiff's part, the Court will not extend this deadline." Despite this pointed warning, plaintiff's attorney failed to act, and on February 14, 2001, the Court entered judgment in favor of defendants. This, at last, seemed to rouse plaintiff's attorney: he filed a timely motion to vacate the judgment, explaining in detail that plaintiff's non-response to defendants' motion and the Court's order was not her fault but rather was his own, allegedly resulting from his own personal and legal problems which caused him to neglect the case.

Defendants argue that the problems between plaintiff and her attorney are not the defendant's problems, or the Court's, and do not provide a basis for reinstating the case. There is ample support for the proposition that a district court is justified in refusing to reinstate a case in this situation. *See, e.g., Reinsurance Co. of America v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1278 (7th Cir. 1990). But the fact that we *need not* reinstate the case does not mean that we *cannot* do so. Refusal to reinstate would visit serious harm on the plaintiff, leaving her without a lawsuit and with only the possibility of suing her lawyer for malpractice. That is at best an uncertain remedy; the Court knows from its own experience in the practice of law that the thankfully small number of attorneys who neglect cases to the extent we have seen here are much

2

more likely than most to lack malpractice insurance and to be judgment-proof. Defendants, by contrast, identify no *unfair* harm that they would suffer from reinstatement of the case; their belief that the case was over is not a particularly strong interest, especially when balanced against the harm that plaintiff would experience. And just as importantly, our legal system has a preference for deciding cases based on their merits, as opposed to procedural missteps.

But what would happen if the Court reinstated the case and went back to where we were when it was last dismissed? Plaintiff would be obliged to file an amended complaint setting forth a viable claim. Plaintiff's attorney has in fact tendered a proposed amended complaint, which we have reviewed and considered in connection with plaintiff's motion to vacate the judgment. A court can properly consider whether a party seeking to vacate a judgment has a meritorious claim or defense. *See generally United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1086 (7th Cir. 1997); 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §2857, at 260 (1995 & Supp. 2000).

Our review of the proposed amended complaint reveals that it does not state a viable federal due process claim. Tolbert eschews any claim of procedural due process, relying solely on an assertion that defendants' actions violated her "substantive due process" rights. She alleges that the defendants coerced a co-employee to make false allegations about her and then used those allegations to procure her dismissal. While this conceivably may give rise to a viable claim under Illinois law, a topic on which we express no opinion, Tolbert has asserted only a due process claim under the United States Constitution. However, the Fourteenth Amendment's due process clause does not protect a state employee against an arbitrary and capricious termination like the one alleged here. Rather, Tolbert cannot maintain any sort of federal due process claim

3

(substantive *or* procedural) unless she alleges that she was deprived of a property or liberty interest. *See Zorzi v. County of Putnam,* 30 F.3d 885, 894-95 (7th Cir. 1994); *Jeffries v. Turkey Run Consolidated School District,* 492 F.2d 1, 4 (7th Cir. 1974) (Stevens, J.). This Tolbert has not done. She does not claim that she had a right to continued state employment, *see, e.g., Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 538 (1985), or that her employer publicly disseminated or published a false and stigmatizing charge that deprived her of comparable job opportunities. *See, e.g., Board of Regents v. Roth,* 408 U.S. 564 (1972); *Altman v. Hurst,* 734 F.2d 1240, 1243 (7th Cir. 1984); *Dziewior v. City of Marengo,* 715 F. Supp. 1416, 1423 (N.D. Ill. 1989); *Hojnacki v. Klein-Acosta,* No. 00 C 1356, slip op. at 5 (N.D. Ill. Mar. 13, 2001) (Kennelly, J.). In short, Tolbert's proposed amended complaint does not state a viable federal claim.

In sum, Tolbert has failed to provide the Court with any proper basis for reinstating her case. Plaintiff's motion to vacate judgment [33-1] is denied.

*[signature]*
MATTHEW F. KENNELLY
United States District Judge

Date: March 22, 2001

4